IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARCUS BRANDON CARTWRIGHT | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-61 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Marcus Brandon Cartwright, an inmate currently confined at the Segovia Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id*.

In the present case, petitioner contests a disciplinary conviction while housed at the Segovia Unit which is located in the Southern District of Texas, McAllen Division. According to the petition, petitioner is still incarcerated at the Segovia Unit. This Court has discretion to transfer the

application to the Southern District of Texas, McAllen Division for hearing and determination.[1]

## Conclusion

The Court has considered the circumstances underlying the particular facts of this case and has determined that the interests of justice would be served by transferring this petition to the division where petitioner's disciplinary conviction took place. Therefore, the petition should be transferred to the McAllen Division of the Southern District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

**SIGNED this the 25th day of April, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

---

[1] It would appear petitioner may have filed his § 2254 petition in the Eastern District of Texas, Lufkin Division, as this was the District and Division of his original criminal conviction.